UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-22965-CIV-MORENO/O'SULLIVAN

MSPA CLAIM I, LLC, a Florida limited
liability company, as assignee of Florida
Healthcare Plus, on behalf of itself and
all other similarly situated Medicare
Advantage Organizations in the
State of Florida,

      Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,
a foreign for profit corporation,

      Defendant.

                  /

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the Plaintiff's Motion to Remand (DE#
10, 8/8/16); the Defendant Scottsdale Insurance Company's Motion to Dismiss
Amended Complaint and Supporting Memorandum of Law (DE# 12, 8/15/16); and the
Defendant Scottsdale Insurance Company's Motion to Dismiss for Lack of Subject
Matter Jurisdiction and Supporting Memorandum of Law (DE# 22, 11/3/16). This matter
was referred to the undersigned by the Honorable Federico A. Moreno, United States
District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b).
(DE# 27, 12/6/16).  Having reviewed the motions, responses, replies, and  the parties'
respective notices of supplemental authority and the applicable law, the undersigned
respectfully RECOMMENDS that the Plaintiff's Motion to Remand (DE# 10, 8/8/16) be
GRANTED and the action be remanded to state court.  The undersigned further
RECOMMENDS that the Defendant Scottsdale Insurance Company's Motion to

Dismiss Amended Complaint and Supporting Memorandum of Law (DE# 12, 8/15/16)

and the Defendant Scottsdale Insurance Company's Motion to Dismiss for Lack of

Subject Matter Jurisdiction and Supporting Memorandum of Law (DE# 22, 11/3/16) be

DENIED AS MOOT.

## INTRODUCTION

On May 16, 2016, the plaintiff filed this action in state court in the Eleventh

Judicial Circuit Court in and for Miami-Dade County.  In its Class Action Complaint, the

plaintiff alleges that it brings the action on its own behalf as the assignee of Florida

Healthcare Plus ("FHCP") and "on behalf of a Florida class of Medicare Advantage

Organizations." (Complaint ¶ 5).  FHCP was a Medicare Advantage Organization

("MAO") that had contracted with the Centers for Medicare & Medicaid Services

("CMS") to provide Medicare Part C benefits to members of FHCP's Medicare

Advantage Plan.

The plaintiff alleges that its claims arise from injuries sustained by an FHCP

Medicare Advantage enrollee in an accident on property insured under a commercial

liability insurance policy issued by the defendant, Scottsdale Insurance Company, and

whose medical expenses were paid for by FHCP.  The defendant's commercial liability

insurance policy contains a no-fault Med-Pay[1] clause.  The plaintiff claims that its rights

arise from the payments of the enrollee's medical expenses arising from the accident

on the insured property made by FHCP as a secondary payer pursuant to the Medicare

Secondary Payer Act ("MSP Act") 42 U.S.C. §§1395w-22(a)(4) and its corresponding

---

[1]Med-Pay is no-fault coverage.  It is not Personal Insurance Protection ("PIP")
insurance that drivers must have under Florida law.

regulations and that the defendant was primarily responsible to make the medical payments as a result of the Med-Pay clause in the commercial liability insurance policy.

The initial Class Action Complaint contained four counts: 1) breach of contract for failure to pay Med-Pay benefits; 2) breach of contract for failure to pay Med-Pay benefits (conventional subrogation); 3) breach of contract for failure to pay Med-Pay benefits (equitable subrogation); 4) breach of contract for failure to pay Med-Pay benefits (conventional subrogation arising from third party beneficiary rights). The plaintiff seeks reimbursements from the defendant for payments that it made on behalf of the enrollee, as well as payments made by putative class members for other Medicare Part C enrollees whose medical expenses were also covered by a commercial liability policy with Med Pay coverage issued by the defendant.  The case involves a dispute between two insurers as to which is responsible for paying a patient's medical bills.

The defendant timely filed its Notice of Removal and claims that the Court possesses jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because the plaintiff necessarily relies on the Medicare Secondary Payer Act ("MSP Act") and its corresponding regulations to make its direct claim for reimbursement under Count I as a secondary payer.  (DE# 1, 7/8/16).  Additionally, the defendant contends that the plaintiff's allegations regarding the putative class, which are incorporated by reference into each of the four counts, identify questions that involve federal law, that is the MSP Act and its regulations.

On August 1, 2016, after the defendant filed a motion to dismiss, the plaintiff filed its Amended Complaint and expressly states that the "Plaintiff brings this instant cause

3

of action pursuant to Florida state-law principles of breach of contract and subrogation, and not pursuant to any federal law or federal cause of action.  Any reference to federal laws or regulations herein, does nothing more than provide context for the state-law based relief sought by Plaintiff."  Amended Complaint p.2 (DE# 8, 8/1/16).

The plaintiff seeks remand to state court on the following grounds: 1) this Court previously remanded similar cases between a Medicare Advantage's plan assignee and a no fault insurer to recover conditional payments; and 2) the Class Action Complaint only alleges state law breach of contract claims that neither raise substantial federal questions nor are completely preempted by federal law.  Motion at 1 (DE# 10, 8/8/16). The plaintiff requests attorney's fees pursuant to 28 U.S.C. §1447 on the ground that no objectively reasonable basis exists for removal.

The defendant contends that the plaintiff's arguments based on state law claims are contradicted by the express allegations of the Class Action Complaint that refer to MAO rights that originate from the MSP Act.  The defendant argues that the MSP Act is the source of primary payer status, not Florida's Motor Vehicle No-Fault Act.  PIP coverage is not at issue.  The defendant argues that the Complaint does not allege that the plaintiff was in privity with the defendant by direct contract or assignment.  Instead, the plaintiff alleges that it possesses rights granted by the MSP Act and its regulations. Response at 2 (DE# 13, 8/25/16).  Additionally, in its subrogation claims, the plaintiff relies on FHCP's Evidence of Coverage provision's reference to federal regulations that granted FHCP "the same rights of recovery that the Secretary exercises under CMS regulations." The defendant argues that the plaintiff relies on the Evidence of Coverage provision to superimpose federal rights granted CMS on the MAO reimbursement

4

context.  Additionally, the defendant argues that the plaintiff makes specific federal claims applicable to itself and the putative class by alleging that the defendant is a Section 111 Responsible Reporting Entity ("RRE") under the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") that has reporting obligations not just to CMS, but also to MAOs.  The plaintiff further alleges that the federal regulations allow it to assert liens and collect the full amounts charged by medical providers over and above what FHCP actually paid.  Finally, the defendant contends that the plaintiff asserts that the federal statutes and regulations preempt any state law defenses that the defendant may have against any of the claims of the plaintiff or the putative MAO class.

The defendant contends that federal jurisdiction exists in this case because the plaintiff has asserted substantial, disputed issues of federal statutory and regulatory law.  The defendant does not respond to the plaintiff's argument that plaintiff's state law claims are not completely preempted by the MSP Act.  See Plaintiff's Motion to Remand at 9 (DE# 10, 8/8/16).  Thus, to establish federal question jurisdiction and to avoid remand, the defendant must show that the plaintiff's state law claims raise substantial questions of federal law.

## ANALYSIS

### I.    Standard for Removal

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Original jurisdiction must be established with either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question

jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The burden of establishing federal jurisdiction falls on the party seeking to invoke the jurisdiction of the federal court.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  Courts shall strictly construe the requirements of 28 U.S.C. § 1441 (removal jurisdiction) and remand all cases in which jurisdiction is doubtful.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941); Univ. of So. Ala v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  Courts determine jurisdiction by looking at the plaintiff's complaint at the time of removal. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of [its] own claim."   Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[R]emoval statutes are  construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. at 1095.

## II.    **Federal Question Jurisdiction**

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted). The well-pleaded complaint rule provides that "the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Id. at 398-399. The plaintiff, as the master of its claims, may resist removal by not pleading a federal cause of action in its Class Action Complaint. "[E]ven when a plaintiff

6

has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) [its] state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." Dunlap v. G&L Holding Group Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (citation omitted). "'[T]he state-law claim must 'really and substantially involve[]a dispute or controversy respecting the validity, construction or effect of [federal] law.'" Id. (quoting Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1992)).  The defendant does not argue that the MSP Act completely preempts the plaintiff's state law claims.[2]

"The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer subject matter jurisdiction–the implicated federal issue must be *substantial*." Dunlap, 381 F.3d at 1291-1292.  "[F]ederal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of the plaintiff's state-law cause of action.  Id. at 1292 (citing City of Huntsville v. City of Madison, 24 F.3d 169, 174 (11th Cir. 1994) (explaining that interpretation of the Tennessee Valley Authority Act as a necessary

---

[2]Notably, in Parra v. Pacificare of Arizona, Inc., 715 F.3d 1146 (9th Cir. 2013), one of the cases cited in the defendant's response, the Ninth Circuit declined to exercise jurisdiction over an MAO's state law claim and explained that "[c]omplete preemption is plainly not applicable here–Medicare contains no civil enforcement scheme, and Congress has not indicated any intent to permit removal of all disputes over insurance proceeds to the federal courts." Parra, 715 F.3d at 1155; see, MSPA Claims 1, LLC v. Direct Gen. Ins. Co., No. 16-20901-CIV-Gayles, 2016 WL 3751482, at *3 (S.D. Fla. July 14, 2016) (noting that district courts in the Eleventh Circuit have held that [42 U.S.C. §] 1395w-26(b)(3) does not preempt state law claims and citing various decisions).  In Parra, the action did not involve removal because the initial complaint was filed in federal court.  The defendant attempted to assert a counterclaim against the plaintiffs/survivors under the MSP Act, but the Ninth Circuit found that the MSP Act did not create a federal claim against the survivors of the enrollee.

element of the plaintiffs' state-law cause of action was not enough to permit federal question jurisdiction) (other citations omitted). Additionally, a federal defense does not give rise to a federal claim. See, Parra, 725 F.3d at 1155 n.3 (explaining that "even assuming that the MAO Statute provides a defense to the ... claims ... that defense does not give rise to a federal claim")(citing Franchise Tax Bd. V. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983)(Section 1331 "arising under" jurisdiction is not created by a federal defense)).  The plaintiff maintains that it relies on the MSP Act regulation for standing purposes, which does not by itself confer federal jurisdiction.  Motion to Remand at 7 (citing *MSPA Claims 1, LLC v. Allstate Prop. & Cas. Inc. Co.,* 2016 U.S. Dist. LEXIS 92958, at *8-16 (S.D. Fla. June 30, 2016) (holding that although the plaintiff references federal law in its complaint, none of its causes of actions actually turn on a resolution or arise out of federal law)).

**A.    There Is No Federal Claim on the Face of the Complaint.**

The Class Action Complaint asserts breach of contract and subrogation claims under state law to obtain reimbursement from the defendant under the no-fault Med Pay provision of its commercial liability insurance policy for medical expenses paid by the plaintiff's assignor as an MAO.  Although the allegations in the complaint reference the MSP Act and its regulations, the plaintiff does not seek double damages in a private cause of action under the MSP Act, 42 U.S.C. § 1395y(b0(3)(A).[3]  The plaintiff

_____

[3]In the Amended Complaint, the plaintiff expressly states that "Plaintiff brings this instant cause of action pursuant to Florida state-law principles of breach of contract and subrogation, and not pursuant to any federal law or federal cause of action.  Any reference to federal laws or regulations here, does nothing more than provide context for the state-law based relief sought by Plaintiff."  Amended Complaint at p. 3 (DE# 8, 8/1/16).

8

maintains that it "only seeks state breach of contract claims." Motion at 6 (DE# 10, 8/8/16).  The determination of whether the defendant's insurance policy created an obligation to provide health benefit's to FHCP's enrollee is not controlled by a federal statute, but rather by the terms of the policy providing no-fault Med Pay benefits up to the defendant's coverage limit of $5,000.  "Florida adheres to 'the general rule that an insurer is entitled to subrogation to recover from a third-party who is legally liable for the actual loss sustained by its insurer.'" Dixie Nat'l Bank of Dade County. v. Employers Commercial Union Ins. Co. of Am., 463 So. 2d 1147, 1151 (Fla. 1985) (quoting Dixie Nat'l Bank v. Employers Commercial Union Co. of American v. Carney, No. 75-768-CIV-EBD (S.D. Fla. 1982), slip op. at 2).

The plaintiff relies upon Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677 (2006).  In McVeigh, a health insurance carrier for federal employees[4] filed an action against a former enrollee's estate to obtain reimbursement of insurance benefits from damages that the enrollee recovered for his injuries from a tortfeasor in state court.  In McVeigh, the Supreme Court determined that "Empire's contract-derived reimbursement claim is not a 'creatur[e] of federal law."  Id. at 679 (quoting Jackson Transit Authority v. Transit Union, 457 U.S. 15, 23 (1982)).  The Supreme Court held that there was no federal question jurisdiction because the insurer's "reimbursement claim was triggered, not by the action of any federal department, agency, or service, but by the settlement of a personal-injury action launched in state court ... and the bottom-

---

[4]The "[Federal Employees Health Benefits Act of 1959, 5 U.S.C. § 8912 ("FEHBA")] provides for federal-court jurisdiction only in actions against the United States." McVeigh, 547 U.S. at 683.

line practical issue is the share of that settlement properly payable to the insurer." Id. at

700.  The Supreme Court explained that "the reimbursement right in question,

predicated on a Federal Employees Health Benefit Act of 1959 ("FEHBA") authorized

contract, is not a prescription of federal law." Id. at 696.  "Had Congress found it

necessary or proper to extend federal jurisdiction ... to encompass contract-derived

reimbursement claims between carriers and insured workers, it would have been easy

enough for Congress to say so." Id.  "FEHBA's jurisdictional provision, 5 U.S.C. §8912,

opens the federal district-court door to civil actions 'against the United States.' Id.

(citation omitted).  Similarly, this action asserts reimbursement involving medical

expenses paid by FHCP under an MSP Act-authorized contract, but the claims asserted

are breach of contract and subrogation under state law.

Although the plaintiff concedes that this action "does not implicate personal injury

protection ["PIP"] under the Florida Motor Vehicle No-Fault Act", the plaintiff argues that

this Court should find persuasive the remand decisions[5] involving significantly similar

breach of contract claims for the recovery of payments made on behalf of enrollees.

Plaintiff's Motion to Remand at 3 and n.2 (DE# 10, 8/8/16) (citing the defendant's Notice

---

[5]All of the remand decisions assert state law claims based on Florida's PIP law.
See MSPA Claims 1, LLC v. IDS Prop. Cas. Ins. Co., No. 16-CIV-20223-JLK (S.D. Fla.
March 3, 2016); MSPA Claims 1, LLC v. IDS Prop. Cas. Ins. Co., No. 16-CIV-21040-
JLK (S.D. Fla. March 30, 2016); MSPA Claims 1, LLC v. Allstate Prop. & Cas. Ins. Co.,
No. 16-20443-CIV-Scola, 2016 U.S. Dist. LEXIS 92958 (S.D. Fla. June 30, 2016);
MSPA Claims 1, LLC v. Security Nat'l Ins. Co., No. 16-CIV-20328-Scola (S.D. Fla. July
1, 2016); MSPA Claims 1, LLC v. Direct Gen. Ins. Co., 2016 U.S. Dist. LEXIS 91612
(S.D. Fla. July 14, 2016); MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co., 2016 U.S.
Dist. LEXIS 91612 (S.D. Fla. July 14, 2016) (collectively, "Southern District Orders
Granting Plaintiff's Motions to Remand"). See Composite Ex. A to Plaintiff's Motion for
Remand (DE# 10-1, 8/8/16).

of Removal (DE# 1)).  The plaintiff contends that like those remanded cases involving PIP coverage, this action alleges that the defendant breached its contract with the enrollee when the defendant failed to provide no fault Med Pay benefits under the commercial liability insurance policy that covered the property where FHCP's enrollee's accident occurred.  Plaintiff's Motion to Remand at 4.

The defendant argues that because this is not a PIP case and the plaintiff's rights arise only under federal law, the district court's remand orders in PIP cases are distinguishable and do not apply to the plaintiff's claims in this action.  Response at 10. The defendant further argues that the plaintiff cannot rely on the statutory provision of the Florida Motor Vehicle No-Fault Act that render PIP coverage primary to other sources of payment.  Fla. Stat. 627.736(4) ("Benefits due from an insurer under §§ 627.730-627.7405 are primary.").  The defendant contends that the plaintiff must rely exclusively on rights available under the MSP Act.  42 U.S.C. § 1395w-22(a)(4) and 42 C.F.R. § 422.108(f).  The defendant argues further that federal jurisdiction exists because the plaintiff has asserted an implied direct  right of action pursuant to the MSP Act's federal regulations.  Notably, the defendant disputes that the federal regulations created a direct right of action and asks this Court to address the plaintiff's claims on the merits and dismiss the claims for failure to state a claim.  Response at 11 (citing Parra, 715 F.3d at 1151-1152)(dismissing the MAO's claim against the survivors of the enrollee who obtained settlement proceeds from the tortfeasor).

The defendant relies on Grable & Sons Metal Products, Inc. v. Daru Eng'g & Mfg., 545 U.S. 308, 312 (2005), to support its position that "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."  Grable is factually

11

distinguishable.  In Grable, a former landowner filed a quiet title action in state court against a tax sale purchaser alleging that the Internal Revenue Service ("IRS") failed to provide adequate notice of sale to the landowner. In Grable, the Supreme Court found federal-question jurisdiction and explained that "[t]he Government has a direct interest in the availability of a federal forum to vindicate *its own administrative action*, and buyers (as well as tax delinquents) may find it valuable to come before judges used to federal tax matters."  545 U.S. at 315 (emphasis added).  "The Supreme Court has held that only a 'slim category' of cases will qualify for federal jurisdiction under the rule set forth in *Grable*."  MSPA Claims 1, LLC v. Direct Gen. Ins. Co., No. 16-20901-CIV-Gayles, 2016 WL 3751482, at *3 (S.D. Fla. July 14, 2016) (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006)).  Like McVeigh, the undersigned finds that the plaintiff's claims "do not fit within the special and small category in which the [defendant] would place it."  McVeigh, 547 U.S. at 699 (distinguishing Grable).

Unlike Grable, the actions of a federal agency are not at issue in the present action.  Instead, the plaintiff seeks reimbursement from the defendant under its Med Pay provision in a commercial liability policy that provided insurance on property where the enrollee's accident allegedly occurred and caused the enrollee to incur medical expenses.   As the master of its complaint under the well-pleaded complaint rule, the plaintiff has elected to pursue contract claims under state law only.  Whether the plaintiff can prevail on its claims is an issue for another court and another day. Because the undersigned finds that the defendant has not met its burden to show that the plaintiff's breach of contract and subrogation claims arise under federal law, the plaintiff's Motion to Remand should be granted unless the defendant shows that

complete preemption exists.

**B.     Complete Preemption Does Not Exist**

Complete preemption is an alternative ground to establish federal question

jurisdiction.  "Complete preemption, really a jurisdictional rather than a preemption

doctrine, confers exclusive jurisdiction in certain instances where Congress intended

the scope of a federal law to be so broad as to entirely replace any state-law claim."

Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health and Welfare

Trust Fund, 538 F.3d 594, 598 (7th Cir. 2008).  "Complete preemption, therefore,

creates an exception to the ordinary application of the well-pleaded complaint rule-that

a court only looks to the complaint to determine whether there is federal-question

jurisdiction."  Id.  Where federal law completely preempts a state-law claim, then federal

question jurisdiction exists. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475

(1998). Federal courts have found that complete preemption does not apply to

Medicare.  See Main & Assocs. , Inc. v. Blue Cross & Blue Shield of Ala., 776 F. Supp.

2d 1270, 1282 (M.D. Ala. 2011) (holding the Medicare Act does not provide an

exclusive private federal remedy).

In its Notice of Removal (DE# 1, 7/8/16), the defendant contends that federal

jurisdiction exists because the "plaintiff's claims as assignee of an MAO are preempted

by federal law."  The defendant's response to the plaintiff's Motion to Remand does not

address the plaintiff's contention that complete preemption does not exist. Notice of

Removal at ¶¶ 34-35 (DE# 1, 7/8/16).  Rather, the defendant references preemption in

the context of the plaintiff's common question of "[w]hether federal law preempts state

law and/or any defenses Defendant might raise."   Response at 18 (DE# 13) (citing the

13

plaintiff's Class Action Complaint).  Notably, the defendant does not articulate any basis for complete preemption and concedes that "[i]t is impossible to identify exactly what federal rights Plaintiff is claiming by this allegation."  Id.

The defendant attempts to argue conflict preemption.  "Conflict preemption, unlike complete preemption, actually is a true preemption doctrine and is an issue left to the state court in this case, since conflict preemption does not provide an independent basis for federal jurisdiction/removal." See Franciscan Skemp Healthcare, 538 F.3d 601 (citing Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012-1015 (11th Cir. 2003)("Whether complete preemption applies is a jurisdictional issue, which must be addressed first and is separate and distinct from whether a defendant's ERISA § 514 preemption defenses apply ....")).   The undersigned finds that the defendant has failed to show that the MSP Act and its regulations completely preempt the plaintiff's breach of contract and subrogation claims under Florida law.  Accordingly, federal question jurisdiction does not exist on the ground of complete preemption and the plaintiff's Motion to Remand should be granted.

**III.    Plaintiff's Request for Attorney's  Fees**

Pursuant to 28 U.S.C. § 1447(c), the plaintiff requests attorneys' fees and costs on the ground that the defendant lacked an objectively reasonable basis for seeking removal.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (attorney's fees and costs may be awarded when no objectively reasonable basis exists for removal). Subsection 1447(c) of Title 28 of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The Court has discretion in determining whether to award attorney's fees and costs.
See Campbell v. Quixtar, Inc., No. 2:08-CV-0045-RWS, 2008 WL 2477454, at *9 (N.D.
Ga. 2008) (denying plaintiffs' request for attorney's fees because the Court found that
the defendant's removal of the action was objectively reasonable); see also, MSPA
Claims 1, LLC v. Direct Gen. Ins. Co., No. 16-20901-CIV-Gayles/Turnoff, 2016 WL
3751482, at *4 (S.D. Fla. July 14, 2016) (slip opinion) (granting the motion for remand
and finding that an award of fees was not appropriate because the removal was not
objectively unreasonable).

Because the undersigned finds that the defendant's removal was not objectively
unreasonable, the undersigned recommends that the plaintiff's request for attorney's
fees and costs be denied.

**IV.**   **Defendant's Motions to Dismiss**

Because the undersigned finds that no federal question jurisdiction exists and
recommends that the Court remand the action to state court, this Court should deny as
moot the Defendant Scottsdale Insurance Company's Motion to Dismiss Amended
Complaint and Supporting Memorandum of Law (DE# 12, 8/15/16) and the Defendant
Scottsdale Insurance Company's Motion to Dismiss for Lack of Subject Matter
Jurisdiction and Supporting Memorandum of Law (DE# 22, 11/3/16).

**RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that
the Plaintiff's Motion to Remand (DE# 10, 8/8/16) should be GRANTED and the action
should be remanded to state court.  Accordingly, the undersigned further

15

RECOMMENDS that the Defendant Scottsdale Insurance Company's Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (DE# 12, 8/15/16) and the Defendant Scottsdale Insurance Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Supporting Memorandum of Law (DE# 22, 11/3/16) be DENIED AS MOOT.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 30th  day of June, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moreno
All Counsel of Record

16