UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-22965-CIV-MORENO

MSPA CLAIMS 1, LLC, as assignee of Florida
Healthcare Plus, on behalf of itself and all other
similarly situated Medicare Advantage
Organizations in the State of Florida,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING MOTION FOR REMAND

THE MATTER was referred to the Honorable John J. O'Sullivan, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion for Remand, filed on **August 8, 2016**. The Magistrate Judge filed a Report and Recommendation **(D.E. 10)** on **June 30, 2017**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge John O'Sullivan's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that the motion for remand **(D.E. No. 10)** is GRANTED and the motions to dismiss **(D.E. No. 12, 22)** are DENIED as moot.

Plaintiff is an assignee of Florida Healthcare Plus, a Medicare Advantage Organization that provided Medicare benefits to members of its plan. Plaintiff's claims arise from injuries

sustained by an enrollee of Florida Healthcare Plus, who fell at a property where the Defendant Scottsdale Insurance Co. issued a commercial liability insurance policy. Florida Healthcare Plus paid its enrollee's medical costs and its assignee, the Plaintiff, is now suing to be reimbursed by Defendant, a commercial liability insurer, whose policy contained a No-Fault Med-Pay Clause.

The Report and Recommendation finds remand of this case is appropriate. The reasons underlying the Report and Recommendation are as follows: (1) there is no federal claim on the face of the complaint; (2) the complaint does not raise substantial federal questions; and (3) Medicare does not completely preempt Plaintiff's claims. Judge O'Sullivan determines that the terms of the policy providing no-fault Med-Pay benefits control whether there is an obligation to provide health benefits to Plaintiff's enrollee. In his view, that is not a question controlled by federal law.

Defendant Scottsdale Insurance objects requesting the Court first consider its motion to dismiss for lack of subject matter jurisdiction, before addressing the motion for remand. In its motion to dismiss, Defendant contends Plaintiff lacks standing due to the repudiation in liquidation proceedings of the agreement assigning claims to Plaintiff. Defendant also contends that Count I contains a federal claim, because Plaintiff as a Medicare Advantage Organization has a right to recover from primary plans under the Code of Federal Regulations. This Court overrules the Defendant's objections and affirms the Report and Recommendation.

There is a presumption in favor of remand and addressing the merits of a case where jurisdiction is lacking may deprive a state court of its rights to adjudicate a case. <u>Univ. of S. Ala. v. The Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999); <u>MSPA Claims, 1, LLC v. Security Nat'l Ins. Co.</u>, No. 16-20328-SCOLA (July 1, 2016) (remanding case that lacked federal cause of action without addressing motion to dismiss raising standing); <u>MSPA Claims 1, LLC v. Allstate</u>

2

Ins. Co., Case No. 16-21148-CIV-SCOLA (July 7, 2016) (remanding case after finding untimely removal without addressing motion to dismiss raising standing); MSPA Claims 1, LLC v. IDS Property Cas. Ins. Co., No. 16-21040-CIV-KING (Mar. 29, 2016) (remanding case where there is no federal question jurisdiction without addressing motion to dismiss raising standing).

Consistent with those orders, the Magistrate Judge found there is no federal cause of action on the face of this complaint, there is no cause of action that substantially implicates federal law, and preemption is lacking. The Court agrees the Defendant has not shown tfederal law completely preempts the Plaintiff's breach of contract and subrogation claims under Florida law. Accordingly, the motion to remand is granted. It is

**ADJUDGED** that this Case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th of August 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge John J. O'Sullivan

Counsel of Record

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida